**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| EDGAR VINICIO BENITEZ SIMBANA, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-201 (PTG/WEF) |
| | ) | |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Edgar Vinicio Benitez Simbana's Motion to Enforce Court Order (the "Motion"). Dkt. 9. Petitioner's immigration history is summarized in the Court's February 17, 2026 Order granting Petitioner's Petition for a Writ of Habeas Corpus (the "Order"). *See* Dkt. 6. In that Order, the Court found that Petitioner had been unlawfully detained by Respondents[1] in violation of his due process rights and ordered that he be released and provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* On February 25, 2026, Petitioner's bond hearing was held. Dkt. 9 at 5; Dkt. 9-3. The immigration judge denied bond on the grounds that Petitioner, who was not detained at the time of the hearing, was a "[d]anger to the [c]ommunity and [f]light [r]isk." Dkt. 9-3 at 1. The immigration judge gave Petitioner a week between the hearing and the date by which he must report to U.S. Immigration and Customs Enforcement ("ICE"), i.e., March 4, 2026. *Id.* However, Petitioner had not reported to ICE as of May 12, 2026—more than two months after the mandatory report date.[2] Dkt. 12 at 2. And

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche, the Attorney General of the United States, is substituted for Pamela Bondi.

[2] Respondents have not provided any updates in this regard since May 14, 2026.

Petitioner has yet to provide a fixed address to the Court pursuant to its Order. Dkt. 6 at 2. On April 30, 2026, Petitioner filed the Motion, alleging that the bond hearing he had been provided was constitutionally inadequate. Dkt. 9. On May 14, 2026, Respondents filed an Opposition. Dkt. 12. Upon consideration of Petitioner's Motion (Dkt. 9) and Respondents' Opposition (Dkt. 12), and for the reasons stated below, the Court finds that Petitioner was provided with a constitutionally compliant bond hearing.

As an initial matter, the Court notes its jurisdiction to review Petitioner's Motion. Petitioner does not challenge the immigration judge's ultimate decision during the bond hearing. Instead, Petitioner challenges the constitutional adequacy of the proceedings. Respondents argue that the Immigration and Nationality Act, specifically 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B)(ii), forecloses this Court's review of the bond hearing. *See* Dkt. 12 at 3–8. However, as the Fourth Circuit recognized in *Miranda v. Garland*, "the extent of the Government's detention authority is not a matter of discretionary judgment, action, or decision." 34 F.4th 338, 352 (4th Cir. 2022) (internal quotation marks and citation omitted). Constitutionality review includes "the procedures adopted by the Attorney General" and encompasses the factors to be considered by an immigration judge in all bond hearings, rather than in individual ones. *Id.* at 353. Accordingly, this Court proceeds to review the bond proceedings for constitutional compliance, remaining cognizant that it may not review the substantive merits of the immigration judge's bond determination.

Bond is available under § 1226(a) to certain noncitizens who are "already present in the United States" pending the outcome of their removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Under the regulations implementing § 1226(a), a noncitizen who can demonstrate that their release "would not pose a danger to property or persons" and that they are "likely to appear for any future proceeding" is eligible for release on bond or conditional parole.

8 C.F.R. § 236.1(c)(8); *see also* 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1). The Board of Immigration Appeals ("BIA") has set forth nine exemplary factors for an immigration judge to consider when making a custody determination in a bond hearing:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). These factors constitute a "non-exhaustive, but flexible menu of considerations relevant to detention decisions." *Miranda*, 34 F.4th at 362.

Upon listening to the recording of the bond hearing provided by Respondents, it appears that the immigration judge made an individualized determination that Petitioner had not satisfied his burden of showing that he was not a danger to the community and not a flight risk. The recording demonstrates that the immigration judge gave Petitioner a constitutionally complaint hearing in which he considered counsel's arguments and rendered a decision consistent with *In re Guerra* and *Miranda*. Specifically, the immigration judge considered the following evidence, or lack thereof, in the record:

> [the fact that] there was no evidence that Petitioner is employed in the field of construction; [the fact that] there was no evidence that that Petitioner filed taxes; [the fact that] that Petitioner did not follow this Court's Order to provide a fixed address within 24 hours of his release; [the fact that] that the explanation for the dismissal of Petitioner's charges for strangulation and harassment, second degree with injury did not align with counsel's representations and there was no information provided regarding the circumstances of the arrest; and [the fact that] there was no specific evidence to show a fixed address, family ties, employment, and bond sponsor.

Dkt. 12 at 2 (internal citations omitted). Accordingly, the immigration judge considered facts that bore a clear evidentiary connection to the determination that the Petitioner is a danger to the

community and a flight risk. 34 F.4th at 362; *see also Manuel de Jesus Mendez Trigueros v. Guadian*, No. 1:26-cv-205-AJT-WPB, 2026 WL 2321978 (E.D. Va. Feb. 18, 2026). On the other hand, Petitioner failed to submit any evidence, including that which would substantiate counsel's proffers about Petitioner's fixed residence, employment history, payment of taxes, or why his charges for strangulation and harassment, second degree with injury had been dropped.

In light of the foregoing, the Court finds that the immigration judge provided Petitioner an individualized bond hearing that comported with due process. Accordingly, it is hereby

**ORDERED** that Petitioner's Motion to Enforce Court Order (Dkt. 9) is **DENIED**.

The Clerk is **DIRECTED** to provide a copy of this Order to all counsel of record.

Entered this 19th day of October, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge